IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01972-RPM

LYNDON PROPERTY INSURANCE COMPANY,

        Plaintiff,

v.

CREDIT UNION OF TEXAS;
COMPLEX COMMUNITY FEDERAL CREDIT UNION;
SUNSHINE SAVINGS BANK f/k/a SUNSHINE STATE CREDIT UNION;
TECH CREDIT UNION;

        Defendants.

---

## ORDER DISMISSING THE EIGHTH COUNTERCLAIM (NOW SIXTH AMENDED COUNTERCLAIM) OF CREDIT UNION OF TEXAS

---

On March 12, 2009, Defendant Credit Union of Texas ("CUT") filed an answer and counterclaim, alleging ten claims for relief. CUT's eight counterclaim was designated as a claim for violation of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.46(b). On April 6, 2009, the Plaintiff moved to dismiss CUT's eighth counterclaim, arguing that the claim fails because CUT has assets of more than $25 million, and consequently, CUT does not qualify as a "consumer" under the Texas Deceptive Trade Practices Act.

CUT responded to the Plaintiff's motion, acknowledging that it is not a consumer under the Texas Deceptive Trade Practices Act. CUT argues that consumer status is irrelevant because the Texas Insurance Code provides the basis for the claim. On May 6, 2009, CUT filed an amended answer and counterclaim. In the amended counterclaim, the former eighth

counterclaim now appears in modified form as the sixth counterclaim and is labeled "deceptive trade practices." The amendment clarifies that the claim is one under "TEX. INS. CODE §§ 541.151 and 541.152(a)(1) and/or its predecessor statutes, TEX. INS. CODE art. 21.21, §§ 16(a) and (b)." Am. Countercl. ¶ 3.46 at p. 60.

CUT's amendment of the former eighth counterclaim renders moot the Plaintiff's motion directed to that claim and the issue about consumer status.  The amended sixth counterclaim is deficient.  CUT has alleged in conclusory fashion that Lyndon engaged in deceptive trade practices by misrepresenting the terms of the policy; misrepresenting the benefits or advantages promised by the policy; causing "confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another," and representing that the policy "confers or involves rights, remedies, or obligations which it does not have." Am. Countercl. ¶ 3.45, at p. 59. CUT's sixth counterclaim does not specify which of the numerous factual allegations contained in the previous 58 pages provides the grounds for each of those conclusory allegations, and does not specify how CUT relied on Lyndon's purported misrepresentation of particular policy terms. This pleading does not meet the requirements of Fed.R.Civ.P. 9(b) or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Based on the foregoing, it is

ORDERED that the Plaintiff's motion to dismiss the eighth counterclaim is moot, and it is

FURTHER ORDERED that in the amended counterclaim of Defendant Credit Union of Texas, the sixth claim for deceptive trade practices is dismissed pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6).

Dated: May 22, 2009

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge