IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01972-RPM

LYNDON PROPERTY INSURANCE COMPANY,

        Plaintiff,

v.

CREDIT UNION OF TEXAS,

        Defendant.

CREDIT UNION OF TEXAS,

Counterclaimant,

vs.

LYNDON PROPERTY INSURANCE COMPANY,

Counter-Defendant.

_____

## STIPULATED PROTECTIVE ORDER
_____

This matter having been brought before the Court upon the filing by the Parties of their Unopposed Motion for Stipulated Protective Order, and it appearing that good cause exists, IT IS HEREBY ORDERED AS FOLLOWS:

1.    *Definitions.*

    a.    "Confidential Material" shall mean all documents, materials and information entitled to protection under Fed.R.Civ.P. 26(c)(7), the Uniform Trade Secrets Act, Colo. Rev. Stat. 7-74-101, *et seq.*, or otherwise provided by law, including, but not limited to, interrogatory answers, documents and electronically stored information produced during discovery by and the Parties in this Litigation (which herein is intended to include disclosures), whether produced voluntarily,

2

in response to an informal request, in response to a formal discovery request, or pursuant to the order of a court of competent jurisdiction, deposition testimony, and/or transcripts, and any portions of any pleadings or other court papers that quote from or summarize any of the foregoing. Confidential Materials shall include, without limitation, information already produced to Lyndon Property Insurance Company pursuant to a Confidentiality Agreement among it, Credit Union of Texas and Velocity Credit Union dated as of July 2008 and any other documents, materials, or information produced pursuant to any other prior confidentiality agreement between the Parties.

b.  "Litigation" shall mean the within action.

c.  "Order" shall mean this Stipulated Protective Order.

d.  ""Party"" shall mean either Lyndon Property Insurance Company or Credit Union of Texas.

e.  "Parties" shall mean both Lyndon Property Insurance Company and Credit Union of Texas.

f.  "Requesting Party" shall mean any party conducting a deposition pursuant to Fed.R.Civ.P. 30-31, propounding requests for admission pursuant to Fed.R.Civ.P. 36 or interrogatories pursuant to Fed.R.Civ.P. 33, requesting the production of documents pursuant to Fed.R.Civ.P. 34 or pursuant to a subpoena duces tecum served upon any person or entity in this proceeding, and/or otherwise seeking discovery herein.

2

    g. "Producing Party" shall mean any person or entity which designates and produces Confidential Material.

    h. "Person" shall include individual, partnership, corporation, and unincorporated association, and other legal entities.

  2. *Designation of Information Produced in Discovery as "Confidential Material."* In responding to discovery propounded herein, either Party may designate any document, material, or information produced by it as "Confidential Material." In the case of documents, such designation shall be made by stamping the phrase "Confidential Material," "Confidential" or words of similar import on all pages of any document so designated, in a conspicuous place. To the extent documents are produced electronically, a Party may also mark a disc containing Confidential Material as "Confidential." The stamp shall not cover or obscure any portion of the text or contents of the document and in the case of ESI shall not impede word searches. In the case of deposition testimony, such designation shall be made by identifying by reference to page and line those portions of the transcript to be designated as Confidential Material, within thirty (30) days of counsel's receipt of the transcript. Machine readable media, electronically stored information, and other non-documentary material shall be designated as Confidential Material by some suitable and conspicuous means, given the form of the particular embodiment.

  3. A Party producing documents in discovery may make the designation countenanced hereby either at the time the document is produced or at the time it is copied for delivery to the discovering party. Failure to make the designation at the time a document is made available for inspection does not constitute a waiver of the right to designate a document

3

as Confidential Material, so long as the document is so designated when copied for production to the inspecting party.

   4.  *Treatment of Confidential Material.*  All documents, material, and information designated as Confidential Material under paragraph 2 shall be treated in accordance with the provisions of this Order until such designation has been released by the Party making it or by order of the Court.  Nothing herein, however, shall limit disclosure of Confidential Material by the Party producing it, but such disclosure may be shown to constitute a waiver of a right to protection in any proceeding hereunder challenging such designation.

   5.  *Challenge to Designation of Confidential Material.*  A Party desiring to challenge a designation of Confidential Material under paragraph 2 may do so by contacting counsel for the Producing Party in writing and attempting to resolve any dispute by stipulation.  In the event that the Parties cannot resolve their dispute as to such designation of Confidential Material, then the Requesting Party may file a Motion Challenging Confidential Designation.  The Producing Party shall have twenty (20) days to respond to such Motion, then the Requesting Party may file its Reply within fifteen (15) days thereof.  The disputed material shall continue to be treated as Confidential Material until the Motion Challenging Confidential Designation is determined.  In any proceeding on an objection to designation hereunder, the burden shall be upon the Producing Party to establish that the designated material is entitled to protection under Fed.R.Civ.P. 26(c)(7) or otherwise by law.  In the event that the Court should deny such Motion, the Producing Party shall not be required to disclose the designated material for a period of ten (10) business days, in order that such Producing Party may seek such relief from the order denying its Motion for Protective Order as it may deem necessary or appropriate.

6. *Disclosure of Confidential Material*. Neither the contents nor the substance of Confidential Material may be disclosed to any Person other than the parties (who counsel represent to the Court have been advised and agree to abide by the terms of this Order) and the attorneys who are participating in the preparation or presentation of the prosecution or defense of this proceeding, legal assistants, clerical personnel, and secretaries working directly for such attorneys in connection with the Litigation. Upon a good faith determination by an attorney representing a Party that he or she needs to consult with experts and consultants who are not employees of that party, or that he or she needs to use such Confidential Material in the discovery process in such a way that it will be revealed to a fact witness to the instant matter, such documents and/or information may be disclosed to such experts, consultants or fact witnesses provided as follows:

    a. Prior to disclosure of any Confidential Material to such outside expert, consultant, or fact witnesses, such expert, consultant or fact witness shall sign an Acknowledgment of Confidentiality in the form attached hereto as "Exhibit A", stating the signatory's full name, employer, title, address, relationship to subject party, and acknowledging his or her understanding of the terms of this Order and his or her agreement to be bound by its terms; and

    b. Each such signed Acknowledgment of Confidentiality shall be retained by the attorney disclosing any Confidential Material pursuant to this paragraph 5.

Attorneys for any Party to whom copies of Confidential Material are furnished under the terms of this Order shall not disclose the substance of any such documents to any Person not

5

participating in the preparation or presentation of the prosecution or defense of this Litigation, except pursuant to the provisions of this paragraph 5.

7. *Restrictions on Use of Confidential Material.* Any Person who receives or is afforded access to any Confidential Material pursuant to the provisions of this Order shall neither use nor disclose such Confidential Material for any purpose other than the purposes of preparation for and conduct of this Litigation, and then solely as contemplated herein. Furthermore, all such Persons shall take all reasonable precautions to maintain the confidentiality of such Material and shall not copy, microfilm, microfiche, or otherwise reproduce such Confidential Material except as necessary for preparation of that Party's case.

8. *References to Confidential Material in Pleadings and Proceedings.* Where reference to Confidential Material is required in pleadings, briefs, motions, examination, cross-examination, or argument, it shall be by title, exhibit number, or some other description that will not reveal or disclose Confidential Material. If any transcripts of depositions, answers to interrogatories, motions, briefs, documents produced, or other pleadings that are to be filed with the Court include copies of Confidential Material subject to this Order or summarize material from such documents, the Party causing the Confidential Material to be filed shall file such pleadings or other papers to be filed with the Court in appropriate folders that are sealed and endorsed with the legend: "Confidential - Filed Under Seal -Not to be Opened Except by Authority of the Court."

9. *Responsibility of Counsel.* Counsel are charged with the responsibility of advising their partners/shareholders/members, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this Litigation to

whom disclosure of Confidential Material may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

10. *Relief from Restriction on Disclosure.* Any Party shall have the right to apply to the Court, upon reasonable notice of the Producing Party, for an order permitting further disclosure or declassification of Confidential Material upon a showing that such an order is necessary to an adequate preparation of such Party's case or that the designation of "Confidential Material" was unjustified.

11. *Application for Further Restriction.* Notwithstanding any provision of this Order, the Producing Party shall have the right to apply to the Court, upon reasonable notice to the other Parties, for an order further restricting the disclosure of Confidential Material upon a showing that such an order is necessary to protect the interests of such Producing Party.

12. *Use at Trial or on Appeal.* Confidential Material may be used by any party at trial or on any appeal of this Litigation without regard to the terms of this Order; provided, however, that the Parties reserve their respective rights to request the Court to take appropriate measures to preserve the confidentiality of such Material, and provided further that the Parties reserve their right to question, challenge, and/or object to the admissibility of such Confidential Material in accordance with the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure.

13. *Applicability of Restrictions.* The confidentiality provisions of this Order do not apply to:

    a. Documents or information already in the possession of parties, unless obtained pursuant to a prior confidentiality agreement or protective order issued by a court of competent jurisdiction; or

    b. Documents or information filed with local, state, or federal agencies, other than tax returns and other filings not considered public records under the laws of the particular jurisdiction.

  14. *No Waiver.*  Nothing herein shall in any respect constitute a waiver of any attorney-client or work product privilege or protection of either Party, nor does any provision herein affect the right of either Party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding such confidentiality or privilege.

  15. *Inadvertent Disclosure.*  If a Producing Party inadvertently discloses to a Requesting Party documents, materials, or information that are claimed to be privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Requesting Party in writing and request that the document, material, and information be returned.  The Requesting Party shall not thereafter assert that such disclosure waived any privilege or immunity.  The Requesting Party shall immediately return the documents, materials, or information requested (including any copies thereof and any notes, summaries, or other materials reflecting the content of such documents, materials, or information) and refrain from any use thereof.  Notwithstanding the foregoing, the Requesting Party may, thereafter, without asserting waiver based on the inadvertent disclosure, seek

disclosure of such documents, materials, and information as provided in the Federal Rules of Civil Procedure.

16.     *Treatment of Designated Confidential Material Obtained Outside Discovery.* Nothing herein shall impose any different or greater duties or obligations upon either Party respecting documents, materials, or information obtained from other sources or by means other than discovery solely because those documents, materials, or information may have been designated as Confidential Material when produced in discovery herein. Either Party, by appropriate Motion, may move for a Protective Order requiring that such materials obtained from other sources or by means other than discovery be treated as Confidential Material as designated hereunder.

17.     *Relation to Fed.R.Civ.P. 26.*  Nothing contained herein is intended to broaden the scope of information that would be entitled to protection under Fed.R.Civ.P. 26(c)(7).

18.     *Return or Destruction of Confidential Materials.*  Within sixty (60) days of termination of this Litigation, including all appeals, -the Parties, including their attorneys, experts, and consultants, -in possession of Confidential Material shall return to the Producing Party all such Confidential Material produced in this action by the Producing Party, including any copies, extracts or summaries thereof, or documents containing information taken therefrom; provided, however, that counsel in possession of such Confidential Material may elect to destroy any such materials that comprise its confidential work product. Counsel in possession of this Confidential Material shall certify to the Producing Party in writing that it has fulfilled the obligations imposed by this paragraph. Notwithstanding the preceding, the Parties may retain Confidential Material to the extent contained within depositions, pleadings, and other court

filings, so long as the Requesting Party adheres to its confidentiality obligations set forth herein in the same manner as was required herein prior to termination of this Litigation.

19.   *Sanctions.*  The Court may impose appropriate sanctions against any Person who which violates the terms of this Order.

20.   *Binding Nature.*  This Order is binding on the Parties immediately upon execution by their respective counsel of the Stipulated Motion for Stipulated Protective Order.  Entry of this Order is not a precondition of the enforceability of the terms set forth above.

Entered this 29th day of July, 2009.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

## **EXHIBIT A**

## **ACKNOWLEDGEMENT OF CONFIDENTIALITY**

I, _____, agree as follows:

I have read the Stipulated Protective Order ("Order") entered in Civil Action 8-CV-1972-RPM, United States District Court, for the District of Colorado.

I understand and agree to comply with all terms of the Order.

I promise that any Confidential Material provided to me under the Order will be used by me only in connection with the Litigation.  I further promise that I will not disclose any Confidential Material provided to me under the Order except as set forth in the Order.

I promise that I will return, at the request of such counsel, all Confidential Material to counsel who provided me with the Confidential Material.

I further promise and understand that I may be subject to sanctions imposed by the Court and to a claim for damages if I fail to abide by and comply with all of the terms of the Order.

NAME: _____

EMPLOYER: _____

OCCUPATION: _____

BUSINESS ADDRESS: _____

BUSINESS TELEPHONE NUMBER: _____

DATED: _____

_____
(signature)

**1**